UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CYNTHIA A. RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 10-183-B-W |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION

Cynthia Richardson filed a complaint against the Social Security Administration Commissioner on May 13, 2010, seeking to appeal from the denial of benefits. At all times she has been represented by counsel and has proceeded *in forma pauperis.* The court issued a summons on the same date (although contrary to the normal practice, a copy of the summons directed to the local United States Attorney and the Attorney General was not retained on the docket.) No return of service was ever filed and four months elapsed on September 14, 2010. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure the court must either dismiss the action without prejudice or order that service be made within a specified time.

On September 17, 2010, I directed the clerk to reissue the summonses, and notify counsel that the court expected notification that service had been made by September 27, 2010. Commonly in social security appeals counsel file an affidavit of service in order to alert the court regarding the expected response deadline. That affidavit is commonly in a form similar to this one:

[counsel] sworn does state, under oath, the following:
1. My name is [insert name] Esq., of the Law Firm [name of firm].
2. A copy of the Complaint and a Summons were mailed for service on [insert date], in the above matter on the Defendants: 1) Attorney General

of the United States; 2) General Counsel, Social Security Administration; and 3) U.S. Attorney's Office. They were mailed by certified mail, return receipt requested. We are filing copies of the return receipts we received with respect to this matter.

Dated:  /s/ [electronic signature], Esq.

The clerk received no affidavit of service on September 27, 2010, and extended the deadline until October 17, 2010.  We have still heard nothing regarding the service of the complaint upon the appropriate federal authorities.

Accordingly I recommend that the complaint be dismissed without prejudice for failure to make service in accordance with Rule 4(m).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 19, 2010