UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CYNTHIA A. RICHARDSON,              )
                                    )
        Plaintiff                   )
                                    )
v.                                  )   No. 1:10-cv-183-JAW
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
        Defendant                   )

# REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises two apparent questions: whether the administrative law judge properly evaluated the plaintiff's credibility and whether substantial evidence supports his conclusion that the plaintiff could perform the full range of sedentary work. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520 & 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from metatarsalgia, tendonitis, obesity, and migraine headaches, impairments that were severe but which, considered separately or together, did not meet or medically equal the criteria of any

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 14, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 9-10; that she had the residual functional capacity ("RFC") to lift and carry 10 pounds occasionally, sit for a total of at least six hours in an eight-hour workday, stand or walk for a total of at least two hours in an eight-hour workday, but not to climb ladders, ropes, or scaffolds, with a sit/stand option and avoidance of irregular or sloping work surfaces, Finding 5, *id.* at 11; that she could perform her past relevant work as an information systems support technician as it is generally performed, Finding 6, *id.* at 14; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 7, *id.* The Decision Review Board selected the decision for review but failed to act within the required 90 days, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of

that work. 20 C.F.R. §§ 404.1520(f), 416.920(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## Discussion

### A. Credibility

The plaintiff first contends that this case must be remanded because the administrative law judge failed to evaluate her credibility, and thus, her testimony about the restrictions on her activities of daily living and that her foot pain "prevents her from doing even the occasional standing [or] walking required for her to perform sedentary work," Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 20) at 3, must be credited, with the apparent result that it would be impossible for her to perform her past relevant work. *Id*. at 3-4.

I am aware of no requirement, in regulation or in case law, that the administrative law judge expressly evaluate each claimant's credibility. Counsel for the plaintiff cited Social Security Ruling 96-7p in support of this position, but I see nothing in that Ruling that establishes or supports such a requirement. Nor have I located any authority for the proposition that, if an administrative law judge should fail to do so, all of the plaintiff's testimony must be accepted as accurate, in spite of contrary medical evidence in the record, for example.

Yet that is what the plaintiff claims that she is entitled to here. She specifically challenges the following passage from the administrative law judge's opinion:

> The evidence of record demonstrates that the claimant is capable of performing a wide range of activities of daily living on a sustained, independent, appropriate, and effective basis, including caring for her personal needs, preparing meals, washing dishes, doing laundry, making beds, cleaning, vacuuming with breaks, managing money, paying bills, grocery shopping with the use of an electric scooter, and driving an automobile (Exhibits 3E, 5E, 6E, 8F, 14F, and Testimony). She camps throughout the summer, watches television, reads books, sews, quilts, visits with relatives and friends once in a while, and occasionally babysits her granddaughter (Exhibits 4E, 5E, 14F, and Testimony). The

3

> claimant rides a 4 wheeler around the 100 acre farm where she lives, and reported in February, 2008, that she had recently gone snowmobiling (Exhibits 13F, 14F, and Testimony). She goes outside every[]day in good weather, and went to both the Skowhegan and Fryeburg fairs this year (Exhibit 5E, 14F, and Testimony).

Record at 13.

The plaintiff points to her testimony that she could walk for less than an hour, had a hard time shopping, could stand at her sink no more than 10 to 15 minutes, had to take to her bed for a day following two hours walking around a fair,[2] had difficulty doing her hair, needed to have her husband carry the laundry, camped only with an assistive mobility device, gave up quilting, and needed the 4-wheeler to get to the garden "where her companion spends time working." Itemized Statement at 3-5.

At least two of these assertions -- that the plaintiff testified that she could walk for less than an hour and that her companion worked in their garden -- are her attorney's interpretation or embellishment of what she actually said. In any event, these statements by the plaintiff are more accurately characterized as modifications of some of the administrative law judge's findings, rather than denials or contradictions. The citations given by the administrative law judge generally support his conclusions. *See, e.g.,* Record at 172 (Exhibit 3E; uses a motorized chair to shop if one is available); 182-86 (Exhibit 5E; cares for personal needs, prepares meals, watches television, reads books, sews, does laundry for boyfriend, vacuuming with breaks, cleaning, goes outside every day in good weather, drives a car, quilts, visits with friends and relatives once in a

---

[2] At oral argument, counsel for the plaintiff cited this testimony as evidence that she "obviously can't work because she can't walk two hours per day." However, even if the plaintiff's testimony standing alone were sufficient to support such a conclusion, the definition of sedentary work does not require that a claimant be able to walk for two *consecutive* hours in a workday, but only that she be capable of standing and walking for a total of no more than two hours in an eight-hour workday. Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2010), at 154.

while; Exhibit 14F, Record at 312, same); 303 (Exhibit 13F; reports snowmobiling in February 2008); 316 (Exhibit 14F, camping in summer of 2009).

In sum, the administrative law judge's conclusions are supported in the record, often from forms filled out by the plaintiff herself. The plaintiff does not explain how her modification of some of those conclusions would necessarily make it impossible for her to perform her past relevant work as a systems support technician, and it is not readily apparent. Contrary to the plaintiff's argument, it is not "impossible to know how the ALJ evaluated [the plaintiff's] credibility," Itemized Statement at 5, in this case. The administrative law judge frequently relied on the plaintiff's own testimony and written statements.

To the extent that the plaintiff relies on her asserted need to use an assistive mobility device for camping,[3] *id*., it may be inferred that the administrative law judge rejected any suggestion, not obvious on the face of the plaintiff's itemized statement, that such a need also applied to work-related activities, because he stated twice, correctly, that a wheelchair was never medically prescribed or deemed necessary, Record at 13, and that the plaintiff's treating podiatrist, Andrew T. Smith, "recommended against the use of a scooter to get around campus at work when the claimant discussed it on April 2, 2007 (Exhibit 6F)." *Id*.; Record at 240.

The plaintiff attempts to buttress her argument on this issue by suggesting that the medical expert who testified at her hearing "is vague regarding the full range of sedentary work" and that "he would not say that [the plaintiff] could walk or stand up to 2 hours a day." *Id*. at 6. This is an incorrect interpretation of the medical expert's testimony. He was asked whether he agreed with the state disability determination service's conclusion that the plaintiff could perform work at the light exertional level, Record at 44, and, after reviewing the evidence, he said, "I think I would probably place her more at a sedentary level, being it is frequent or

---

[3] The plaintiff testified that the "assistive mobility device" she used for camping was a wheelchair. Record at 37-38.

considering all those different factors. However, I, I'd have to say that some of them, I think are a little soft in my mind as far as being able to be quantitative because we have a severity." *Id*. at 46. The only "vagueness" in this testimony is on the question whether the plaintiff's RFC should be for light or sedentary work. The medical expert cannot reasonably be said to have expressed doubt that the plaintiff could perform work at the sedentary level, whether the full range of such work or something less. In addition, he was not asked to say whether the plaintiff "could walk or stand up to 2 hours a day."

From all that appears, the administrative law judge in this case complied with 20 C.F.R. § 404.1529(d)(4). The plaintiff has not established any entitlement to remand on the basis of the administrative law judge's alleged failure expressly to evaluate her credibility.

### B. Sedentary Work

The plaintiff contends that "the finding that [she] could perform the full range of sedentary work is in error and merits a remand of this case for further development." Itemized Statement at 6. However, the administrative law judge did not find that the plaintiff could perform the full range of sedentary work. He found that she had the RFC to perform sedentary work with a sit/stand option, no climbing of ladders, ropes, or scaffolds, and avoidance of irregular or sloping work surfaces. Record at 11. These limitations mean that the RFC is not one for a full range of sedentary work.

More important, the administrative law judge did not determine whether the plaintiff was capable of a full range of sedentary work because he did not need to. His analysis stopped at Step 4 of the sequential evaluation process when he determined that the plaintiff could return to one of her past jobs. Whether she could perform a full range of sedentary work is irrelevant to that determination. For this reason as well, the plaintiff's complaint that the administrative law

judge "never gave the vocational expert a hypothetical" question at the hearing, Itemized Statement at 6, is also irrelevant.[4]

Because the medical expert's testimony in fact supports the administrative law judge's conclusion that the plaintiff could perform sedentary work,[5] and because the vocational expert testified that a person capable of sedentary work with a sit/stand option could perform the job of an information systems support technician, Record at 48, the administrative law judge's decision at Step 4 is supported by substantial evidence in the record. That is all that is required.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

---

[4] I note, however, as counsel for the plaintiff admitted at oral argument, that the administrative law judge did in fact pose a hypothetical question to the vocational expert. Record at 48. Counsel contended at oral argument that the hypothetical question was "insufficient," but that argument is not raised in his itemized statement and accordingly must be deemed to have been waived. *Hunt v. Astrue*, No. 1:10-CV-199-JAW, 2011 WL 1226029, at *6 n.11 (D. Me. Mar. 29, 2011).

[5] At oral argument, counsel for the plaintiff contended that the plaintiff is entitled to remand because there was no dispute that her past work as an information systems support technician was performed at the light level, while the administrative law judge found that she was only capable of work at a sedentary level. However, when past relevant work is at issue, the legal question is whether the claimant could return to her past relevant work either as she performed it *or* as it is usually performed in the national economy. *Gogan v. Astrue*, Civil No. 09-93-P-S, 2009 WL 5216062, at *2 (D. Me. Dec. 29, 2009).

7

Dated this 30th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge